

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 26, 1961

Honorable Tom Blackwell
County Attorney
Travis County
Austin, Texas

Dear Mr. Blackwell:

Opinion No. WW-1042

Re: Whether a minor who has not
been domiciled in Texas for
a period of one year may be
admitted to a special school
operated by the Board for
Texas State Hospitals and
Special Schools upon appli-
cation of his guardian who
has resided and been domi-
ciled in Texas for more
than a year?

     You have requested an opinion as to whether a minor
who has not been domiciled in Texas for a period of one year
may be admitted to a special school operated by the Board for
Texas State Hospitals and Special Schools upon application
of his guardian who has resided and been domiciled in Texas
for more than a year.

     Under Article 3871b, Vernon's Civil Statutes, ad-
mission of a mentally retarded person to a special school
operated by the Board for Texas State Hospitals and Special
Schools is effected by an application for the admission of
such person "to the jurisdiction of the Board." Relevant
portions of Article 3871b are as follows:

     "Section 1. This Act may be referred to
as 'The Mentally Retarded Persons Act.'

     "Sec. 2. It is the purpose of this Act
to afford mentally retarded Texas citizens an
opportunity to develop to the fullest practi-
cable extent their respective mental capacities.

     " Sec. 3. As used in this Act:

     "(1) 'Mentally retarded person' means any
person, other than a mentally ill person, so
mentally deficient from any cause as to require

special training, education, supervision, treatment, care or control for his own or the community's welfare.

"(2)   'Texas citizen' means a person who has resided in this State for at least twelve months next preceding the date on which determination is made of whether he is a Texas citizen, or a minor whose parent or guardian has been domiciled in Texas for a like period.

"(3)   'Board' means the Board for Texas State Hospitals and Special Schools.

"  . . .

"Sec. 4.   Mentally retarded persons shall be admitted to the jurisdiction of the Board by the procedures prescribed in this Act.   . . . "

Section 4 of this Article purports to make admission to the jurisdiction of the Board available to any mentally retarded person, as defined in Section 3, Subsection (1).   Section 2 raises a question as to whether such admission is limited to a sub-class of mentally retarded persons, namely, mentally retarded Texas citizens, as Texas citizenship is defined in Section 3, Subsection (2).   We need not undertake to answer that question, since the minor in the present case is both a Texas citizen, as defined in Subsection (2) of Section 3, and a mentally retarded person as mentioned in Section 4, and so in any event is eligible for admission to the jurisdiction of the Board upon the proper finding of mental retardation.

## S U M M A R Y

A minor who has not been domiciled in Texas for a period of one year may be admitted to a special school operated by the Board for Texas State Hospitals and Special Schools upon application of his guardian who has resided and been domiciled in Texas for more than a year.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  Lawrence Hargrove
Assistant

LH:hmc:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

Glenn Brown
Houghton Brownlee, Jr.
John Leonarz

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Morgan Nesbitt